BIRCH, Circuit Judge,
concurring:
I write separately to note that our decision to construe the ADEA as requiring what is tantamount to a “prevailing party” status for purposes of a litigant’s entitlement to attorney’s fees is not self-evident from the plain language of the statute. In fact, notwithstanding the frequent and consistent use of the term “prevailing party” by our court and other circuit courts to refer to a successful litigant within the context of the ADEA, the statute contains no such language. The ADEA, which incorporates selected provisions of the Fair Labor Standards Act (“FLSA”), including those pertaining to attorney’s fees, see 29 U.S.C. § 626(b), mandates that “[t]he court in such [an] action [filed pursuant to this section] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid *1246 by the defendant, and costs of the action.” 29 U.S.C. § 216(b).
Unlike the ADEA, however, both Title VII, 42 U.S.C. § 2000e-5k, and 42 U.S.C. § 1988(b), the primary vehicles for the majority of civil rights litigation, provide that “the court, in its discretion, may allow the prevailing party ... a reasonable attorney’s fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.[1]” The Supreme Court has held explicitly that “a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a ‘prevailing party’ ” under § 1988. Hewitt v. Helms, 482 U.S. 755, 763, 107 S.Ct. 2672, 2677, 96 L.Ed.2d 654 (1987). Moreover, we have applied the Supreme Court’s directive in Hewitt to cases brought under Title VII. In Walker v. Anderson Elec. Connectors, 944 F.2d 841 (11th Cir.1991), for instance, we found that, although the plaintiff had won a favorable determination on the ultimate factual issue in the case— that is, that she had been sexually harassed — ■, the reasoning of Hewitt mandated that “such a finding, without more, will not ordain a litigant the prevailing party.” 944 F.2d at 847. We further observed that “to be a prevailing party for purposes of [Title VII] requires the attainment of something more tangible than a jury finding of sexual harassment.” Id.
Although it is critical to note that the procedural framework of Title VII and section 1988 is not identical to that set forth in the ADEA, it is reasonable to extrapolate salient aspects of the Supreme Court’s discussion of what constitutes a “prevailing party” under Title VII and section 1988 for purposes of our analysis of what constitutes “any judgment” under the ADEA. In Hewitt, again, the Court expressly observed that
[t]he real value of the judicial pronouncement — what makes it a proper judicial resolution of a “case or controversy” rather than an advisory opinion— is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff.
Hewitt, 482 U.S. at 761, 107 S.Ct. at 2676. It is fair to say that the Court’s reasoning in Hewitt, while not conclusively controlling or dispositive of an analogous ADEA case, necessarily informs our decision relative to the question of whether a litigant who has succeeded only on the merits of her claim — but has received no “judicial resolution,” id., is entitled to attorney’s fees.
Thus, while I do not believe that we may, in essence, import the term “prevailing party” into the ADEA, I agree that, in light of the Supreme Court’s directive in Hewitt as applied by our court in the context of both Title VII and section 1988, an ADEA plaintiff is only entitled to attorney’s fees if, in addition to succeeding on the merits of any part of her claim, the judicial resolution of the action settles some dispute that affects the behavior of the defendant toward the plaintiff. Because no such judicial resolution transpired as a result of the jury verdict in this case, I agree that Salvatori is not entitled to attorney’s fees.

. Section 1988 does not duplicate Title VII’s provision regarding either expert fees or the potential liability of the United States or the Commission as tantamount to that of private parties.